## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SAHIRAH ROSS, | ) | |
| | ) | Case No.   16-CV-2293 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| REGIONAL ACCEPTANCE CORPORATION, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, SAHIRAH ROSS, by and through her attorneys, and for her Complaint against the Defendant, REGIONAL ACCEPTANCE CORPORATION, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and/or 1337.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Cleveland, Ohio.

5.      On information and belief, Defendant is corporation of the State of North Carolina, which is licensed to do business in Ohio, and which has its principal place of business at 1424 East Fire Tower Road, Greenville, North Carolina 27858-4105.

6.      Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

7.     Defendant is a "person" as defined in 47 U.S.C. § 153(39).

**FACTS COMMON TO ALL COUNTS**

8.     On May 27, 2016, Plaintiff spoke by telephone with an employee, agent and/or representative of Defendant, who identified herself as "Sue."

9.     During said conversation, Sue asked Plaintiff if Defendant could add Plaintiff's telephone number to its autodialer.

10.    Plaintiff's answer to said question was "No," thereby clearly indicating that Plaintiff did not consent to Defendant placing automated telephone calls to her mobile/cellular telephone.

11.    Despite Plaintiff's clear indication that she did not consent to receive automated telephone calls from Defendant on her mobile/cellular telephone, Defendant placed many such telephone calls to Plaintiff.

12.    As of the filing of this Complaint, Defendant has yet to cease placing such automated calls to Plaintiff's cellular/mobile telephone.

13.    On some occasions, when Plaintiff answered telephone calls from Defendant, there was a pause before she would be connected to a representative.

14.    On some occasions, when Plaintiff answered telephone calls from Defendant, a prerecorded message began playing, asking Plaintiff to call back to Defendant's number.

15.    Automated telephone calls were placed to Plaintiff by Defendant on dates which include, but are not limited to, the following (i.e. this list not intended to be exhaustive; additional calls may have been placed by Defendant to Plaintiff on dates other than those listed below):

       a.     July 5, 2016;
       b.     July 6, 2016;
       c.     July 7, 2016;
       d.     August 3, 2016;

e.   August 4, 2016;
f.   August 6, 2016;
g.   August 7, 2016;
h.   August 8, 2016;
i.   August 9, 2016;
j.   August 10, 2016;
k.   August 11, 2016;
l.   August 13, 2016 (three calls);
m.   August 14, 2016;
n.   August 15, 2016;
o.   August 16, 2016;
p.   August 17, 2016;
q.   August 18, 2016;
r.   August 20, 2016; and
s.   August 21, 2016.

16.   As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

a.   Invasion of privacy;

b.   Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

c.   Wasting Plaintiff's time;

d.   Risk of personal injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendant;

e.   Depletion of Plaintiff's cellular telephone battery;

f.   The cost of electricity to recharge Plaintiff's cellular telephone battery;

g.   Stress, aggravation, frustration, emotional distress and mental anguish.

## COUNT I

17.   Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 16 above as if reiterated herein.

3

18.     On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

19.     On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

20.      On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

21.     Plaintiff did not give Defendant her express consent, invitation or permission to contact her using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact her in this manner was terminated and revoked.

22.     Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

23.     Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

24.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

25.     As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b.      Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

c.      Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

26.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 16 and 18 through 23 above as if reiterated herein.

27.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

28.     As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

b. Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

SAHIRAH ROSS

By: /s/ David B. Levin
Attorney for Plaintiff

David B. Levin
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
One South Dearborn Street, Suite 2100
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com